EUGENE HOLMES *vs.* FRANK WAKEFIELD & others.

A railroad corporation which instructs its conductors not to allow any person to ride in any freight car attached to their train is responsible for the act of one of its conductors in improperly putting a person off from a freight car while the train is in motion.

TORT against the Western Railroad Corporation and one of its conductors, to recover damages for a personal injury sustained by the plaintiff by being put off from a car while the train was in motion.

At the trial in the superior court, before *Putnam,* J., there was evidence tending to show that the plaintiff got upon a freight train, and, after it had started, the conductor told him to get off; that the plaintiff offered to pay fare, but the conductor declined to take it, and gave the plaintiff a push, so that he had to jump to save himself, and thus received the injury complained of. The evidence on these points was conflicting.

It appeared that the railroad company had issued certain printed instructions to its conductors, which were known to this conductor, and one of which was as follows: " The conductors will not allow any person to ride in any freight car attached to their train." No other authority or instruction, in reference to putting persons off from trains, was shown.

The defendants' counsel asked the court to rule that upon this evidence the action could not be maintained against the railroad company; but the judge refused so to rule, and instructed the jury that the printed instruction was an implied authority to the conductor to put off from the train any person who should be found riding thereon contrary to the rule, and that if the conductor, while acting as such, and attempting to put the plaintiff off from the train, committed an unjustifiable assault upon him, the plaintiff might maintain this action against the defendants jointly.

The jury returned a verdict against both defendants, for $2625 damages; and the defendants alleged exceptions.

*J. Wells,* (*J. A. Rumrill* with him,) for the defendants. The

test of liability, when a principal is sought to be charged for the wrongful act of his agent, done without his authority or consent, is, that such act shall bear the relation of manner of execution to some duty of the agent, or to some act which is authorized by the principal. When the injury consists in the application of force to the person of an individual, the principal cannot be held liable as for an assault, unless the authority conferred upon the agent contemplated the use by him of some degree of force. *Howe* v. *Newmarch, ante,* 49. *Hewett* v. *Swift,* 3 Allen, 420. In this case, neither the general employment nor the special instructions implied authority to use any force in removing persons from a train. This act is like that of a shipmaster who, upon finding a person secreted in his ship, should put him overboard. The entire act was outside of the conductor's duties. See *Church* v. *Mansfield,* 20 Conn. 284; *Thames Steamboat Co.* v. *Housatonic Railroad,* 24 Conn. 40; *Crocker* v. *New London, &c. Railroad,* Ib. 249; *Wilson* v. *Peverly,* 2 N. H. 548; *Wright* v. *Wilcox,* 19 Wend. 343; *Foster* v. *Essex Bank,* 17 Mass. 479, 510; *Philadelphia, &c. Railroad* v. *Wilt,* 4 Whart. 143.

*H. B. Stevens,* for the plaintiff, cited *Lovett* v. *Salem & South Danvers Railroad,* 9 Allen, 557; *Moore* v. *Fitchburg Railroad,* 4 Gray, 465; *Southwick* v. *Estes,* 7 Cush. 385; *Thayer* v. *Boston,* 19 Pick. 511; *Meyer* v. *Second Avenue Railroad,* 8 Bosw. 305; *Althorf* v. *Wolfe,* 22 N. Y. 361; *Weed* v. *Panama Railroad,* 17 N. Y. 362; *Philadelphia, &c. Railroad* v. *Derby,* 14 How. 468; *Greene* v. *London General Omnibus Co.* 7 C. B. (N. S.) 288.

HOAR, J. The general rule of law that, where a master employs a servant to do an act which involves the use of force against the person or property of another, and the servant, in the course of his employment, uses force in a manner or to an extent unlawful and unjustifiable, both are answerable as trespassers, has been settled in this commonwealth in the cases of *Moore* v. *Fitchburg Railroad,* 4 Gray, 465, and *Hewett* v. *Swift,* 3 Allen, 420. It was admitted that the defendant Wakefield was the conductor in charge of the train; and the only question, therefore, is whether he was in the execution of the duty required

of him by the regulations of the corporation when he caused the plaintiff to leave the cars. Among the "special instructions" given him by the railroad superintendent was this : " The conductors will not allow any person to ride in any freight car attached to their train." The defendants argue that this direction was intended as a security for the freight; that the conductor had no charge of passengers; and that, at the utmost, it only authorized him to prevent persons from getting on to the cars, and did not require him to remove them, especially after the train was in motion.

But we do not think the effect of the instruction can be so limited. It plainly made it his duty to prevent any person's riding on a freight car. This he might do in any lawful and proper manner; by the use of reasonable force to prevent getting upon the car, or in removing a person who had got upon the car in violation of the rule. The wrong to the plaintiff consisted in using force unreasonably ; that is, at a time and under circumstances which made it dangerous to his life or limb. A test of this may be found by inquiring whether the plaintiff could have maintained his action against Wakefield merely for ejecting him from the car, without proof of personal injury and we think it clear that he could not. The ruling at the trial was therefore right, and the case falls within the principle of the decisions before cited. *Exceptions overruled.*